United States District Court

For the Northern District of California

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                              SAN JOSE DIVISION

10   OANH DANG, et. al.,                      CASE NO. 5:11-cv-05036 EJD

11                                            **ORDER GRANTING DEFENDANTS'**
                                              **MOTIONS TO DISMISS**
12              Plaintiff(s),
         v.
13   CITIMORTGAGE, INC., et. al.,
                                              [Docket Item Nos. 6, 20]
14
                Defendant(s).
15   _____/

16        In this foreclosure-related action, presently before the court are separate motions seeking

17   dismissal of the Complaint filed by Plaintiffs Oanh Dang and Diep Dang (collectively, "Plaintiffs").

18   The first Motion to Dismiss was filed by Defendants Selene Finance, L.P., Carter Nicholas and

19   Mortgage Electronic Registration Systems, Inc. ("MERS"), and the second was filed by Defendant

20   CitiMortgage, Inc. (collectively, "Defendants").  See Docket Item Nos. 6, 20.  Plaintiffs, who are

21   proceeding in pro se, have not filed coherent opposition to either motion.[1]

22        As it currently stands, federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1367.

23   The court finds these matters suitable for decision without oral argument.  See Civil L.R. 7-1(b).

24   Accordingly, the hearings scheduled for March 9, 2012, will be vacated and the motions granted for

25   the reasons described below.

26   _____

27        [1] Plaintiffs filed documents on November 23, 2011, and January 9, 2012, entitled "In the
     Document-Contract-Postal-Vessel-Court."  See Docket Item Nos. 13, 19.  Such documents are
28   incomprehensible and their purpose is unclear.  The court is therefore unable to consider them.

                                              1

United States District Court

For the Northern District of California

## I.   BACKGROUND

The court recounts the relevant facts mainly from judicially-noticeable documents.  On or about May 31, 2005, Diep Dang obtained a loan for $408,000.00 from LoanCity.com for the purchase of real property located in San Jose, California.  See Req. for Judicial Notice ("RJN"), Docket Item No. 6, at Ex. 1.[2]  The loan was secured by a Deed of Trust naming Alliance Title as the trustee and MERS as the beneficiary.  See id.  On or about March 22, 2006, Diep Dang executed a grant deed which transferred title to Son Dang.  See id., at Ex. 2.  Son Dang then executed a grant deed in favor of Cornerstone Investments on February 19, 2010.  See id., at Ex. 3.

Diep Dang defaulted on the terms of the loan at some point, although the exact date is not revealed in the materials before the court.  On July 29, 2010, an Assignment of Deed of Trust was recorded with respect to the property, in which MERS transferred its interest to Selene Finance, L.P.  See id., at Ex. 4.

Diep Dang then engaged in a series of actions which resulted in a postponement of the foreclosure sale, including the commencement of three personal bankruptcy actions as well as transfers of the property to other individuals with already-pending bankruptcy matters.  See id., at Exs. 5, 6, 10-16, 18-23.  A Notice of Default was recorded in the midst of these proceedings, as were a Substitution of Trustee and Notice of Sale.  See id., at Exs. 7-9.  Another Assignment of Deed of Trust was filed on June 21, 2011, which named the SRMOF 2009-1 Trust as beneficiary.  See id., at Ex. 17.  Diep Dang's third and final bankruptcy action was dismissed on October 24, 2011.  See RJN, Docket Item No. 21, at Ex. EE.

Plaintiffs commenced this twenty-one-count action on October 12, 2011, by filing the Complaint directly in this court.  See Compl., Docket Item No. 1.  These motions followed.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the...claim is and the grounds upon which it

---

[2] Both RJNs are granted in their entirety.  See Docket Item Nos. 6, 21.  Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 WL 1924777, 2010 U.S. Dist. LEXIS 54932, at *6-7 (N.D. Cal. May 12, 2010).

CASE NO. 5:11-cv-05036 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

rests." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." <u>Twombly</u>, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  The court must generally accept as true all "well-pleaded factual allegations." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).  The court must also construe the alleged facts in the light most favorable to the plaintiff. <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-69 (9th Cir. 2001).  "[Material which is properly submitted as part of the complaint may be considered." <u>Twombly</u>, 550 U.S. at 555.  But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Id</u>.

### III.   DISCUSSION

Although Plaintiffs' claims are numerous, none are sufficiently plead.  Moreover, the federal claims which form the basis of this court's jurisdiction are particularly deficient.  The court addresses these issues below.

### A.   Plaintiffs have Failed to Meet the Required Pleading Standard

Having reviewed Plaintiffs' Complaint in its entirety, the court concludes that Plaintiffs have failed to state a claim.  Primarily, Plaintiffs have not met the pleading standard required by Federal Rule of Civil Procedure 8 because they have failed to provide sufficient factual information or present information in a meaningful way.  Indeed, it appears Plaintiffs have utilized a publicly-available form complaint containing a litany of possible claims but neglected to tailor the final version to the facts of this case.  The result is a Complaint which, for the most part, simply lists legal

3

United States District Court

For the Northern District of California

1  conclusions.  That is not enough.  Although the federal rules allow for a flexible pleading policy,

2  particularly with regard to a plaintiff appearing pro se, a complaint must still provide fair notice of

3  the claims and must allege enough facts to state the elements of each claim plainly and succinctly.

4  Fed. R. Civ. P. 8(a)(2); Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A

5  pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of

6  action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further

7  factual enhancements.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557).  "The

8  plaintiff must allege with at least some degree of particularity overt acts which defendants engaged

9  in that support the plaintiff's claim."  Jones, 733 F.2d at 649 (internal quotations omitted).  Plaintiffs

10  have missed this mark, even under a liberal reading of the Complaint.

11      Moreover, Plaintiffs must be observant of the requirement that any claims which sound in

12  fraud, such as the claims for violation of the Racketeer Influenced Corrupt Organizations Act

13  ("RICO"), civil conspiracy and "fraud and fraudulent" deed of trust, are subject to a heightened

14  pleading standard.  Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with

15  particularity the circumstances constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d

16  756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where 'the object of

17  the conspiracy is fraudulent.'").  The allegations must be "specific enough to give defendants notice

18  of the particular misconduct which is alleged to constitute the fraud charged so that they can defend

19  against the charge and not just deny that they have done anything wrong."  Semegen v. Weidner,

20  780 F.2d 727, 731 (9th Cir. 1985).  To that end, the allegations must contain "an account of the time,

21  place, and specific content of the false representations as well as the identities of the parties to the

22  misrepresentations."  Swartz, 476 F.3d at 764.  In other words, these claims must generally contain

23  more specific facts than is necessary to support other causes of action.

24      In addition, district courts in California have consistently rejected the theory underlying at

25  least one of Plaintiffs' claims: that the foreclosure process is invalid if the trustee does not possess

26  the original promissory note.  See, e.g., Gamboa v. Tr. Corps, 09-0007 SC, 2009 WL 656285, 2009

27  U.S. Dist. LEXIS 19613, at *9-10 (N.D. Cal. Mar. 12, 2009); Putkkuri v. ReconTrust Co.,

28  08CV1919WQH (AJB), 2009 WL 32567, 2009 U.S. Dist. LEXIS 32, at *5-6 (S.D. Cal. Jan. 5,

4

United States District Court

For the Northern District of California

1   2009); <u>Neal v. Juarez</u>, 06CV0055 J(JMA), 2007 WL 2140640, 2007 U.S. Dist. LEXIS 98068, at

2   *25 (S.D. Cal. July 23, 2007). This is because California Civil Code § 2924 and its related statutes

3   establish a comprehensive and exclusive set of regulations for the conduct of nonjudicial

4   foreclosures, and do not require the person initiating foreclosure to have physical possession of the

5   promissory note. "Under Civil Code section 2924, no party needs to physically possess the

6   promissory note." <u>Sicairos v. NDEX West</u>, 08CV2014-LAB (BLM), 2009 WL 385855, 2009 U.S.

7   Dist. LEXIS 11223, at *6-7 (S.D. Cal. Feb. 13, 2009). Instead, "[t]he trustee, mortgagee, or

8   beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by

9   recording and servicing a notice of default. Cal. Civ. Code § 2924(a)(1).

10      Finally, the twelfth and twenty-first claims apparently allege causes of action for "Injunctive

11   Relief" and "Declaratory Relief." As plead, however, these claims do not constitute actual causes

12   of action but instead simply contain various aspects of the relief sought. <u>See</u> <u>Loder v. World</u>

13   <u>Savings Bank, N.A.</u>, No. C11-00053 THE, 2011 WL 1884733, 2011 U.S. Dist. LEXIS 53166, at

14   *21-22 (N.D. Cal. May 18, 2011) (citing <u>Shell Oil Co. v. Richter</u>, 52 Cal. App. 2d 164, 168 (1942)).

15

16      Because Plaintiffs have failed to allege sufficient facts or present a cognizable legal theory,

17   and because the Complaint is confusing and rambling, all of Plaintiffs claims will be dismissed. <u>See</u>

18   <u>Nevijel v. N. Coast Life Ins. Co.</u>, 651 F.2d 671, 674 (9th Cir. 1981); <u>McHenry v. Renne</u>, 84 F.3d

19   1172, 1180 (9th Cir. 1996).

20      **B.      The Federal Claims are Particularly Deficient**

21      While the court's determination that Plaintiffs have failed to meet applicable standards itself

22   provides adequate grounds to grant Defendants' motions, the court addresses the federal claims

23   specifically for two reasons. One is to provide guidance to Plaintiffs should they choose to amend

24   the Complaint. The second is to emphasize that this court lacks jurisdiction over Plaintiffs' action

25   absent a valid federal question.

26      **1.      Fair Debt Collection Practices Act ("FDCPA")**

27      In order to state a claim under the FDCPA, a plaintiff must allege facts that establish the

28   following: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2)

5

United States District Court

For the Northern District of California

1   the defendant qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in

2   a prohibited act or has failed to perform a requirement imposed by the FDCPA.  See, e.g., Frazier v.

3   Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011); McCorriston v.

4   L.W.T., Inc., 536 F. Supp. 2d 1268, 1278 (M.D. Fla. 2008); Fenn v. CIR, Law Offices, No.

5   1:10-CV-01903-OWW-SMS, 2011 WL 850131, 2011 U.S. Dist. LEXIS 23141, at *5 (E.D. Cal.

6   Mar. 8, 2011).

7          Here, Plaintiffs raise a claim for violation of the FDCPA against all Defendants, but fail to

8   indicate which defendant allegedly engaged in collection activity at what times.  These allegations

9   are important to establish the elements of a FDCPA claim, specifically with regard to Defendants'

10  qualifications as "debt collectors."  A "debt collector" under the FDCPA is either (1) "a person" the

11  "principal purpose" of whose business is the collection of debts; or (2) "a person" who "regularly"

12  collects debts on behalf of others.  15 U.S.C. § 1692a(6).  Some of the named Defendants in this

13  case, such as MERS and Fidelity National Title Company, appear to have been involved solely as

14  assignors or trustees with minimal involvement in the underlying financial transaction and ultimate

15  foreclosure proceeding.  Without additional facts, these Defendants are not properly included in this

16  claim.  Other Defendants, such as Selene Finance, L.P. and CitiMortgage, Inc., may also be

17  improperly named in this claim because a "debt collector" under the FDCPA cannot also be the

18  lienholder.  "[A]s a matter of law a 'debt collector' under the FDCPA cannot be a consumer's

19  creditor."  Rispoli v. Bank of America, No. C11-362RAJ, 2011 WL 3204725, 2011 U.S. Dist.

20  LEXIS 85053, at *7 (W.D. Wash. July 1, 2011).

21         Furthermore, other district courts have determined that a foreclosure sale resulting from an

22  obligor's default on a deed of trust cannot be classified as "debt collection" under the FDCPA.

23  Diessner v. Mortgage Electronic Registration Systems, Inc., 618 F. Supp. 2d 1184, 1189 (D. Ariz.

24  2009); see also, e.g., Garcia v. American Home Mortg. Serv., Inc., No. 11-CV-03678-LHK, 2011

25  WL 6141047, 2011 U.S. Dist. LEXIS 142039, at *13-17 (N.D. Cal. Dec. 9, 2011) ("non-judicial

26  foreclosure does not constitute 'debt collection' as defined by the [FDCPA]"); Garfinkle v.

27  JPMorgan Chase Bank, No. C 11-01636 CW, 2011 WL 3157157, 2011 U.S. Dist. LEXIS 81054, at

28  *7-10 (N.D. Cal. July 26, 2011); Geist v. OneWest Bank, No. C 10-1879 SI, 2010 WL 4117504,

6

1    2010 U.S. Dist. LEXIS 113985, at *5-8 (N.D. Cal. Oct. 19, 2010); Aniel v. T.D. Serv. Co., No. C

2    10-03185 JSW, 2010 WL 3154087, 2010 U.S. Dist. LEXIS 92018, at *2-4 (N.D. Cal. Aug. 9, 2010);

3    Landayan v. Washington Mut. Bank, No. C-09-00916 RMW, 2009 WL 3047238, 2009 U.S. Dist.

4    LEXIS 93308, at *6-7 (N.D. Cal. Sept. 18, 2009).  This court agrees that non-judicial foreclosure

5    activity alone cannot support a FDCPA claim.  Since such activity appears to form the entire basis of

6    Plaintiffs' claim in its current state, it is deficient.

7            Because Plaintiffs have not alleged facts to support the corresponding elements, the FDCPA

8    claim must be dismissed but with leave to amend.

9                    **2.    Truth in Lending Act ("TILA")**

10           Under TALA, a claim for damages must be brought within one year from the date of the

11   signing of the loan documents.  15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortg. Co., 342 F.3d

12   899, 902 (9th Cir. 2003).  A claim for rescission must be brought within three years of the same

13   date.  15 U.S.C. § 1635(f).

14           It is unclear from the Complaint which remedy Plaintiffs are seeking under TALA.  But this

15   claim is untimely for either remedy.  The loan at issue in this case closed on or about May 31, 2005.

16   See RJN, Docket Item No. 6, at Ex. 1.  From this date, a timely claim for damages under TALA

17   should have been filed by May 31, 2006, and a timely claim for rescission should have been filed by

18   May 31, 2008.  Plaintiffs did not commence this action until October 12, 2011.  Accordingly, the

19   request for rescission under TALA is absolutely barred since that claim cannot be equitably tolled.

20   See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("The Act provides, however, that the

21   borrower's right of rescission 'shall expire three years after the date of consummation of the

22   transaction or upon the sale of the property, whichever occurs first,' even if the required disclosures

23   have never been made.").

24           The request for damages, however, is presumptively barred absent allegations that support an

25   equitable exception.  15 U.S.C. § 1640(e); King v. California, 784 F.2d 910, 915 (9th Cir. 1986); see

26   also Beach, 523 U.S. at 417-18 (discussing the "stark" difference in the limiting language of §

27   1640(e) and § 1635(f)).  "Equitable tolling is generally applied in situations where the claimant has

28   actively pursued his judicial remedies by filing a defective pleading during the statutory period, or

United States District Court
For the Northern District of California

7

United States District Court

For the Northern District of California

1    where the complainant has been induced or tricked by his adversary's misconduct into allowing the

2    filing deadline to pass."  O'Donnell v. Vencor, Inc., 465 F. 3d 1063, 1068 (9th Cir. 2006) (internal

3    quotations omitted).  No such allegations are present or even attempted in the Complaint, and

4    Plaintiffs did not respond to this argument after being notified through these motions.  Accordingly,

5    the court must also find the request for damages time-barred as plead.  The TALA claim will

6    therefore be dismissed with leave to amend.

7                    **3.    Real Estate Settlement Procedures Act ("RESPA")**

8            The claim for violation of RESPA is similarly time-barred.  See 12 U.S.C. § 2614; see also

9    Patague v. Wells Fargo Bank, N.A., No. 10-03460, 2010 WL 4695480, 2010 U.S. Dist. LEXIS

10   124980, at *9-10 (N.D. Cal. Nov. 5, 2010) ("The statute of limitations for a RESPA claim is three

11   years for violations of 12 U.S.C. § 2605 and one year for violations of § 2607 or 2608 'from the date

12   of the occurrence of the violation[.]'").  As stated above, the loan transaction took place on May 31,

13   2005.  This complaint was not filed until October 12, 2011 - over 6 years later.  Therefore, any

14   violation under RESPA must have been raised long ago.

15           Accordingly, the RESPA claim must also be dismissed with leave to amend.

16                   **4.    Racketeer Influenced Corrupt Organizations Act ("RICO")**

17           "To state a civil claim for a RICO violation . . . , a plaintiff must show (1) conduct (2) of an

18   enterprise (3) through a pattern (4) of racketeering activity."  Rezner v. Bayerische Hypo-Und

19   Vereinsbank AG, 630 F.3d 866, 873 (9th Cir. 2010) (internal citation omitted).  Here, Plaintiffs have

20   stated only the most general of allegations parroting the terms of the statute.  This recitation is

21   therefore transferrable to any RICO claim.  Since it appears Plaintiffs have made little if any effort

22   to demonstrate how the facts of this case fall within the purview of the RICO statute, let alone

23   satisfied Federal Rule of Civil Procedure 9(b), this claim will be dismissed with leave to amend.  See

24   Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989) (applying the higher

25   pleading standard contained in Rule 9(b) to a claim under RICO).

26                   **5.    Civil Rights and Constitutional Violations**

27           Plaintiffs have alleged claims for violations of 42 U.S.C. §§ 1983 and 1985 as well as a claim

28   for violation of the Fourth Amendment.  "Actions filed under § 1983 require state action."  Merritt

8

United States District Court

For the Northern District of California

1    v. Mackey, 932 F.2d 1317, 1323 (9th Cir. 1990).  As does a claim for violation of the Fourth

2    Amendment.  See Burdeau v. McDowell, 256 U.S. 465, 475 ("The Fourth Amendment gives

3    protection against unlawful searches and seizures . . . its protection applies to governmental

4    action.").  Considering all of the Defendants are private entities or individuals and commenced non-

5    judicial foreclosure proceedings based on Diep Dang's default, Plaintiffs have not met their pleading

6    burden for either the § 1983 claim or the Fourth Amendment claim.  They will be dismissed with

7    leave to amend.

8            Actions under § 1985, however, do not necessarily require a showing of state action when

9    the claim is based on a denial of equal protection.  See Scott v. Ross, 140 F.3d 1275, 1284 (9th Cir.

10   1998) ("With a few exceptions, claims brought pursuant to § 1985(3) do not require state action").

11   But even without that requirement, Plaintiffs have not provided facts to support this claim.  See

12   Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (To bring a cause of action

13   successfully under § 1985(3), a plaintiff must allege and prove four elements: (1) a conspiracy; (2)

14   for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal

15   protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in

16   furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or

17   deprived of any right or privilege of a citizen of the United States.").  It will also be dismissed with

18   leave to amend.

19               **6.    Supplemental Jurisdiction is Declined**

20           The jurisdiction of federal courts is limited, and is only properly exercised over those cases

21   raising federal questions or involving parties with diverse citizenship.  Exxon Mobil Corp. v.

22   Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

23           "[O]nce a court has original jurisdiction over some claims in the action, it may exercise

24   supplemental jurisdiction over additional claims that are part of the same case or controversy."  Id.

25   However, a district court may properly decline to exercise supplemental jurisdiction over state-law

26   claims if such claims "substantially predominate[] over the claim or claims over which the district

27   court has original jurisdiction" or the court "has dismissed all claims over which it has original

28   jurisdiction."  28 U.S.C. § 1367(c).

9

CASE NO. 5:11-cv-05036 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1    Having determined that Plaintiffs' federal claims are specifically deficient, all that remains
2 are claims based in state law.  As such, the Court would decline to exercise supplemental
3 jurisdiction over those remaining claims, even if they were properly plead.

4                                    **IV.   ORDER**

5    Based on the foregoing, Defendants' Motions to Dismiss are GRANTED.  Plaintiffs'
6 Complaint is DISMISSED WITH LEAVE TO AMEND.  Any amended complaint must be filed
7 within thirty days of the date this order is filed.  Plaintiffs' are advised that failure to file a timely
8 amended complaint or failure to amend the complaint in a manner consistent with this Order may
9 result in the dismissal of this action.

10    The hearing scheduled for March 9, 2012, is VACATED.  The Case Management
11 Conference is CONTINUED to June 1, 2012, at 10:00 a.m.  The parties shall file a Joint Case
12 Management Statement on or before May 25, 2012.

13 **IT IS SO ORDERED.**

14

15 Dated:  March 7, 2012



16                                         EDWARD J. DAVILA
                                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

CASE NO. 5:11-cv-05036 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS